**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**ROCK HILL DIVISION**

| | | |
|---|---|---|
| HEYWARD WILLIAMS, JR., | ) | |
| | ) | |
| | ) | Civil Action No. 0:02-4051-HFF-BM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff's attorney ("Petitioner") has filed a Petition for approval of attorney's fees in this Social Security disability case. This Petition was referred to the undersigned United States Magistrate Judge by order of the Honorable Henry F. Floyd, United States District Judge.

Plaintiff's initial request for disability insurance benefits (DIB) was denied and Plaintiff sought review of the Commissioner's decision in this Court. Plaintiff was ultimately successful, obtaining a judgment that reversed and remanded the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). It was issued in the form of an order accompanied by a separate Rule 58 judgment, which was entered on March 30, 2004. Plaintiff was awarded disability benefits beginning November 12, 1999. See Order filed March 30, 2004.

On May 4, 2005, Petitioner filed this motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Defendant filed a response on May 23, 2005 opposing the motion in part.





Although the Defendant has no objection to Petitioner's request for an award of attorney's fees, Defendant does object to the amount requested.

**Discussion**

In his Petition, Plaintiff's counsel requests an award of $16,579.00 for services performed in this Court. Title 42, U.S.C. § 406(b)(1) provides, inter alia, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits…and the Commissioner…may, notwithstanding the provisions of section 405(i) of this title,…certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Local Rules of this District codify controlling Circuit caselaw. Local Rule 83.VII.07(B), D.S.C., citing Barber v. Kimbrell's, Inc., 577 F.2d 216, 226-227 (4th Cir. ), cert. denied, 439 U.S. 934 (1978). In Barber, the Court of Appeals for the Fourth Circuit held that the following factors should be considered in determining a reasonable attorney's fee:

1. The time and labor expended;
2. The novelty and difficulty of the questions raised;
3. The skill required to properly perform the legal services rendered;
4. The attorney's opportunity costs in pressing the instant litigation;
5. The customary fee for like work;
6. The attorney's expectations at the outset of the litigation;
7. The time limitations imposed by the client or circumstances;
8. The amount in controversy and the results obtained;





9. The experience, reputation and ability of the attorney;

10. The undesirability of the case within the legal community in which the suit arose;

11. The nature and length of the professional relationship between attorney and client; and

12. Attorney's fees awards in similar cases.

In addition, the Court is also allowed to adjust this figure after consideration of the twelve factors. Id. at 226 & nn. 28-29.

Upon examination of the documentation in the file and applying the factors listed above to the case at bar, the undersigned finds that:

1. The Petitioner has spent a total of 29.65 hours representing the Plaintiff in the case before the District Court.

2. Social security appeals raise difficult legal questions of the complex interrelationship of statutes, regulations, administrative policies and procedures, and case law.

3. Considerable skill was required to properly perform the legal services rendered in this case.

4. Petitioner has foregone other income producing matters in order to work on this case.

5. The customary fee in social security cases is twenty-five percent (25%) of the past due benefits.

6. The attorney's expectation at the outset of the litigation was that he would receive twenty-five (25%) of the past due benefits. Twenty-five percent of the past due benefits awarded in this case apparently comes to approximately $16,579.00, which has been withheld by the Commissioner.[1]

[1]Petitioner represents in his motion that, despite his repeated efforts, he has not been able to obtain a copy of a notice of award letter. However, since the Social Security office has advised that $16,579 is being withheld, Petitioner states in his brief that he believes that Plaintiff was





7. This was a complex case. Counsel pursued the matter for two years before obtaining the award in 2004.

8. The results obtained were a remand of the case by this Court with an award of substantial benefits to the claimant.

9. The Petitioner is licensed to practice in the state of South Carolina and is admitted to practice before the United States District Court for the District of South Carolina.

10. Social security cases are generally thought of as undesirable in the legal community.

11. Attorney's fees in similar cases have generally been twenty-five percent (25%) of the past due benefits.

12. The fee requested is 25% of the retroactive benefits.[2]

The undersigned has also reviewed the fee bill presented and finds the hours spent and the activities performed to be reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 805-809 (2002).

In sum, it is apparent that Petitioner, through hard work and diligent effort, has obtained a substantial award for his client. The expectations and agreement of both the Petitioner and the claimant were that if the claim had to be pursued in federal court, a fee of 25% of any past due benefits would be paid the Petitioner for his services. Further, Petitioner faced the risk of receiving no payment in a case which he pursued for many years, and now that benefits have been awarded, he deserves to receive an appropriate fee. The fact that counsel such as Petitioner are

---

awarded $70,460.75. While the Defendant has not objected to this representation, it does not appear to the undersigned that $70,460.75 would be the correct award based on the amount of money withheld. Rather, if $16,579.00 is supposed to represent 25% of the award, then the award amount would be $66, 316.00. In light of this confusion, written documentation should be sent to the Court prior to any award of attorney's fees.

[2] See note 1, supra.





willing to take these types of cases on a contingency basis is what allows claimants such as the Plaintiff here to receive justice. Otherwise, since such claimants are not able to retain counsel to help them through payment of an hourly rate, these individuals would have no where to turn and no one from whom to obtain assistance. In this case, that would have in all likelihood meant the Plaintiff would not have obtained the benefits to which he was ultimately found to be entitled. Hence, contingency fees play an important role in our legal system, and the risks inherent to legal counsel in taking such cases is a factor which must be considered. Indeed, the Fourth Circuit has specifically approved enhancement of fee awards based on the contingency nature of the fee agreement between counsel and the client. Craig v. Secretary, Dep't of Health & Human Servs., 864 F.2d 324, 327 (4th Cir. 1989).

Finally, although the Defendant objects to the amount requested since, when reduced to an hourly calculation, it would equal a rate of $559.00 per hour, it is not unusual for fees obtained on a contingency basis to calculate out to high hourly rates, and other courts have awarded fees which math out to high amounts when computed into an hourly rate. See Mudd v. Barnhart, 418 F.3d 424, 426 (4th Cir. 2005) [Court affirmed contingency fee award which equated to an hourly rate of $736.84]; Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1171 (D.N.M. 2005) [effective hourly rate at $510.25]; Yarneric v. Apfel, 359 F.Supp.2d 1363, 1365 (N.D.Ga. 2005) [effective hourly rate of $643]; Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D.W.Va. 2003) [effective hourly rate of $1,433]; Brown v. Barnhart, 270 F.Supp.2d 769, 772-773 (W.D.Va. 2003) [effective hourly rate of $977]. Such is generally the nature of a contingency fee, which is primarily based on risk, while payment through an hourly rate is guaranteed, and is therefore normally a lower amount because it entails little or no risk of non-payment. Therefore,





the undersigned does not find the amount of fee requested to be excessive.

**Conclusion**

Based on the foregoing, and after careful consideration of the case file, the other evidence, and the arguments presented, the undersigned finds that the Petitioner's fee is reasonable. Therefore, it is recommended that, upon Petitioner's providing the Court with written confirmation of the award amount (or a stipulation of same from the Defendant), Petitioner be awarded a fee of $16,579.00 for work performed on this case in the United States District Court.[3]

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 18, 2006

[3]Petitioner was previously awarded attorney fees under the Equal Access to Justice Act ("EAJA"). See Order filed October 25, 2004. In order to avoid double recovery of attorney's fees for representation before the Court, a claimant's counsel who is awarded attorney's fees under both Section 406(b) and the EAJA must refund the lesser amount to his client. See Gisbrecht, 535 U.S. at 795-798. Petitioner has represented in his Petition that, upon receipt of the fee requested herein, the EAJA fees he has already received will be refunded to his client.



